.PEOPLE EX REL. SALGADO, PETITIONER AND APPELLEE, *v.* LÓPEZ, RESPONDENT AND APPELLANT.

APPEAL from the District Court of San Juan in *Quo Warranto* Proceedings.—Memorandum of Costs.

No. 2568.—Decided March 24, 1922.

QUO WARRANTO—COSTS—ATTORNEY FEES—DISCRETION OF COURT.—According to section 327 of the Code of Civil Procedure as amended on April 12, 1917, the district courts have discretional power to allow costs and attorney fees to either of the parties who may be successful in a *quo warranto* proceeding.
ID.—ID.—ID.—ID.—When the record discloses that the attorney fees allowed are excessive the Supreme Court will review the discretion of the lower court although the evidence has not been included in the transcript.

The facts are stated in the opinion.
*Mr. M. F. Rossy* for the appellant.
*Mr. A. Lastra* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.
This is an appeal from an order approving a memoran-

dum. of costs. The written objections to the memorandum only attacked it on the ground of its being excessive, but the statement of the case shows that appellant questioned the right of petitioner in a *quo warranto* proceeding to obtain attorney's fees and the matter may be considered to be jurisdictional. The appellant was right in maintaining that the law of *quo warranto* considered by itself only allowed attorney's fees to a successful defendant. However, on April 12, 1917, the Legislature amended section 327 of the Code of Civil Procedure so as to read as follows:

"Section 327.—Parties to actions or proceedings, including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall. be deemed to allow attorney's· fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further,* that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered."

We feel bound to hold that this was a law of general application and that the intention of the Legislature was to include all cases where a different intent was not clearly shown. We find no such different intent in the legislation of the Island. We reached a similar conclusion in the case of *Candal et al.* v. *Vargas et al.,* 29 P. R. R. 603.

Appellant, however, insists that the fees awarded were excessive and refers us to the case of *Bertrán et al.* v. *Carrasquillo,* 29 P. R. R. 524. Generally to revise the discretion of the court in awarding counsel fees we ought to be able to see clearly an abuse· of discretion. In *Lassalle et al.* v. *Hilla et al.,* 29 P. R. R. 469, we held that this court would

not review the discretion of the court in refusing to award counsel fees unless we had the proof before us. When, however, the record discloses that the fees are excessive, whatever the nature of the proof, we do not need to be put in exactly the same situation as was the court below. In the *Carrasquillo Case, supra,* while the evidence was not transcribed, we were in a position to see clearly that a single day of trial along with other appearances did not justify an award of $1,000. In the present case the appellant has brought up a statement óf the case showing numerous appearances of counsel for petitioner, but without bringing up the whole evidence. That, however, was in the nature simple as the pleadings show. On the whole case we are convinced that while the work of the petitioner was arduous by reason of the nature of the legal question involved and the various motions of the appellant, yet that $1,500 for counsel fees would suppose a much greater amount of work than was performed in this case.

The award should be reduced to $1,000 and, as so modified,

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.